IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

---

| | | |
|---|---|---|
| IN RE | * | |
| | * | |
| **Mark Johnson** | * | **BANRKUPTCY NO. 10-16789-RGM** |
| | * | |
| DEBTORS | * | CHAPTER 13 |
| | * | |

---

**OBJECTION TO PROOF OF CLAIM OF GMAC CLAIM REGISTER #1**

COME NOW, Mark Johnson (the "Debtor"), by and through undersigned counsel, pursuant to Sections 502(a) and 502 (b)(1) of the Bankruptcy Code, Rules 3001 and 3007(a) of the Bankruptcy Rules, and object to Proof of Claim filed by GMAC. In support of this Objection, the Debtors respectfully show this Honorable Court the following:

1. The Debtors filed this pending case under Chapter 13 of the United States Bankruptcy Code on October 12, 2010.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

3. The Debt Collector filed the Proof of Claim as secured for $19,767.60, with $1,040.40 claimed as arrearages, on August 17, 2010. The Proof of Claim was signed by T. Brecht, as "Agent" for GMAC.

4. In a 2-line "Itemization" of the claim, GMAC lists "Accrued Pre-petition Late Charges" in the amount of $1,040.40

5. The debtor objects to the amount of the "Accured Pre-petition Late Charges". The claim fails to include a written statement of the account and fails to list interest and other charges along with payments made. Debtor demands proof of late fees, finance charges, attorney fees, interest, and the interest rate used to compute the arrearage alleged on the Proof of Claim, an explanation and breakdown of the elements used in each of the calculations.

6. GMAC should be prohibited from amending the Proof of Claim to cure its willful deficiencies because the document is not prima facie valid as required under FBRP 3001. Furthermore, since this is now a contested case under Rule 9014(c) of the Bankruptcy Rules said claim can only be withdrawn with the consent of the Debtors or by Order of the Court after notice and a hearing.

7. The Debtors' Objection overcomes the FBRP 3001(f) presumption because it has substantial merit. *In re Plourde*, 397 B.R. at 218.

8. The Debtors reserve their right to amend this Objection and to request additional verification of the Proof of Claim filed by the Creditor.

**WHEREFORE**, the debtor moves the Court for relief as follows:

A. That the arrearage portion of GMAC's claim should be entirely disallowed as it fails to comply with the mandatory requirements of Rule 3001(c);

B. That GMAC be precluded from filing any amended, modified or substituted claim in this case;

C. Award the Debtors reasonable legal fees in an amount to be determined by this Court; and

C. That the debtor has such other and further relief as the Court may deem just and proper.

Dated this 21st day of September, 2010.

Jeremy C. Huang
Rowe Barnett, PLLC
Attorney for the Debtors
VA State Bar #76861
5906 Hubbard Dr, Rockville, MD 20852
(301) 770-4710 / FAX (301) 770-4711
e-mail jhuang@rowepllc.com