IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| IN RE | * | |
| --- | --- | --- |
| | * | |
| Mark Johnson | * | CASE NO. 10-16789 |
| | * | |
| DEBTOR | * | CHAPTER 13 |
| | * | |

| MARK JOHNSON | * | |
| --- | --- | --- |
|     Plaintiff | * | |
| | * | |
| VS. | * | Adv. Pro No. _____ |
| | * | |
| BAC HOME LOAN SERVICING, LP | * | |
|     Defendant | * | |
| | * | |

**COMPLAINT**

This is an action for damages brought by an individual consumer for Defendant's violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"). Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's two mortgage loans as required by 15 U.S.C. §1641(f) and 12 U.S.C. § 2605(e).

**Jurisdiction**

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtors in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§ 157(b)(2), 1334.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

5. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

### Parties

7. The Plaintiff, Mark Johnson, is a natural person residing in Baltimore City, Maryland.

8. Defendant, BAC Home Loan Servicing, LP ("BAC") is a corporation that services residential mortgage loans. Defendant is headquartered at 4500 Park Granada, Calabasas, CA 91302.

### Facts

9. The Chapter 13 case of the Plaintiffs herein was commenced by the filing of a voluntary petition with the Clerk of this Court on August 12, 2010. On the same day the Bankruptcy Noticing Center notified Defendant of Plaintiff's bankruptcy case.

10. The 341(a) meeting of creditors in this case was held in Alexandria, Virginia on September 21, 2010.

11. On April 6, 2004 Bank of America ("BOA") made a mortgage loan to Plaintiff for the purpose of refinancing Plaintiff's existing mortgage on his real property located at 10804

Scott Dr, Fairfax, VA 22030 (the "Property"), referred to in this Complaint as the "First Mortgage Loan".

12. In connection with the First Mortgage Loan the Plaintiff executed a promissory note (the "First Mortgage Note") in the original principal amount of $356,000 payable to BOA.

13. The First Mortgage Note was secured by a Deed of Trust on the Property dated April 6, 2004 and recorded in the Land Records of Fairfax County, Virginia, which named PRLAP, Inc. as Trustee and BOA as Lender.

14. On January 19, 2007, Plaintiff acquired a Home Equity Line of Credit from BOA, referred to in this Complaint as the "Second Mortgage Loan".

15. In connection with the Second Mortgage Loan the Plaintiff executed a promissory note (the "Second Mortgage Note") in the original principal amount of $237,900 payable to BOA.

16. The Second Mortgage Note was secured by a Deed of Trust on the Property dated January 19, 2007 and recorded in the Land Records of Fairfax County, Virginia in Deed Book 19412 Page 1196 which named BOA as the lender.

17. To the best of Plaintiff's knowledge, information and belief, both of these Mortgage Loans are serviced by the Defendant.

18. Plaintiff believes and therefore alleges that the true holder and owners of the First and Second Mortgage Notes are unknown securitized trusts.

19. The First Mortgage Loan and Second Mortgage Loan are consumer credit transactions within the meaning of, and subject to, TILA.

20. The First Mortgage Loan and Second Mortgage Loan are "federally related mortgage loans" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

**COUNT 1: Failure to provide the identity of the owner or master servicer of the First Mortgage Note as required by TILA §131(f) [15 U.S.C. §1641(f)] and failure to respond to a "qualified written request" regarding the First Mortgage Loan §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. §2605(e)(1).**

21. The allegations of paragraphs 9 through 23 of this Complaint are hereby re-alleged and incorporated by reference.

22. On or about August 13, 2010 Plaintiff, through counsel, mailed a letter to Defendant requesting the name of the owner of the First Mortgage Note and clearly alerting Defendant to the fact that his request was being made pursuant to TILA §131(f). A copy of Plaintiff's request, the original of which Plaintiff's counsel mailed certified with return receipt requested, is attached hereto as Exhibit A.

23. Plaintiff's August 13, 2010 letter to Defendant is a "qualified written request" as defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)]. Thus Plaintiff's August 13, 2010 letter had the dual effect of invoking Plaintiff's rights under TILA §131(f) as well Plaintiff's rights under RESPA §6(e)(1).

24. The return receipt was dated August 17, 2010. A copy of this is attached hereto as Exhibit B.

25. Defendant failed to acknowledge receipt of the Qualified Written Request within 5 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

26. On or about September 10, 2010, Plaintiff's Counsel filed with this Court a Certificate of Service for the Qualified Written Request.

27. On or about September 13, 2010, Defendant sent a letter citing the old timeline for responding to Qualified Written Requests but completely ignored the 5 day response rule under the Truth in Lending Act. A copy of this hereto attached as Exhibit C.

28. On or about September 15, 2010, Plaintiff's Counsel mailed a second letter to Defendant alerting Defendant of its noncompliance with RESPA and TILA and again requesting, within 5 days of receipt of the letter, the identification of the owner of the First Mortgage Note. A copy of this letter, the original of which Plaintiff's counsel mailed certified, return receipt requested, is attached hereto as Exhibit D.

29. That same day, Plaintiff's counsel filed a Certificate of Service for this 2nd letter.

30. The return receipt was dated September 20, 2010. A copy of this is attached hereto as Exhibit E.

31. Defendant failed to identify the owner of the First Mortgage note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as October 4, 2010 has never provided Plaintiff with a response, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. §1641(f) (TILA) with respect to the First Mortgage Loan.

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

    That the Plaintiff be granted relief provided by TILA as to the violation of TILA set forth above, including statutory damages in the amount of $4,000.00; and

    That the Plaintiff be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and

    That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and

    That the Plaintiffs has such other and further relief as the Court may deem just and proper.

**COUNT 2: Failure to provide the identity of the owner or master servicer of the Second Mortgage Note as required by TILA §131(f) [15 U.S.C. §1641(f)] and failure to respond to a "qualified written request" regarding the Second Mortgage Loan §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. §2605(e)(1).**

32. The allegations of paragraphs 9 through 31 of this Complaint are hereby re-alleged and incorporated by reference.

33. On or about August 19, 2010 Plaintiff, through counsel, mailed a letter to Defendant requesting the name of the owner of the Second Mortgage Note and clearly alerting Defendant to the fact that his request was being made pursuant to TILA §131(f). A copy of Plaintiff's request, the original of which Plaintiff's counsel mailed certified with return receipt requested, is attached hereto as Exhibit F.

34. Plaintiff's August 19, 2010 letter to Defendant is a "qualified written request" as defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)]. Thus Plaintiff's August 19, 2010 letter had the dual effect of invoking Plaintiff's rights under TILA §131(f) as well Plaintiff's rights under RESPA §6(e)(1).

35. The return receipt was dated August 24, 2010. A copy of this is attached hereto as Exhibit G.

36. Defendant failed to acknowledge receipt of the Qualified Written Request within 5 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

37. On or about September 10, 2010, Plaintiff's Counsel filed with this Court a Certificate of Service for this Qualified Written Request.

38. On or about September 15, 2010, Plaintiff's Counsel mailed a second letter to Defendant alerting Defendant of its noncompliance with RESPA and TILA and again requesting, within 5 days of receipt of the letter, the identification of the owner of the Second Mortgage Note. A

copy of this letter, the original of which Plaintiff's counsel mailed certified, return receipt requested, is attached hereto as Exhibit H.

39. That same day, Plaintiff's counsel filed a Certificate of Service for this 2nd letter.

40. Defendant failed to identify the owner of the Second Mortgage Note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as October 4, 2010 has never provided Plaintiff with a response, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. §1641(f) (TILA) with respect to the Second Mortgage Loan.

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiff be granted relief provided by TILA as to the violation of TILA set forth above, including statutory damages in the amount of $4,000.00; and

That the Plaintiff be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and

That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and

That the Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MARK JOHNSON

By: **/s/ Jeremy C. Huang**
      Jeremy C. Huang, Bar No. #76861
      5906 Hubbard Drive
      Suite 4-A
      Rockville, MD 20852
      TEL: 301-770-4710 / FAX: 301-770-4711

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true copy of the foregoing Summons and the Complaint was served certified mail postage prepaid with return receipt, and/or via hand delivery, and/or ECF system on this 17th day of September:

Oral Harper
3321 17th St NW
Washington, DC 20010

American Home Mortgage Servicing, Inc.
4600 Regent Boulevard
Suite 200
Irving, TX 75063

American Home Mortgage Servicing, Inc.
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

Wilbur Ross & Co.
1166 Avenue of the Americas 27th Floor
New York, NY 10036

Nancy Grigsby
Chapter 13 Trustee
100 S. Charles Street, Suite 501
Tower II
Baltimore, MD 21201


**/s/ Jeremy C. Shin**
Christina E. Shin, Bar No. #28766
5906 Hubbard Drive
Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711