# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**In Re:**

**MARK JOHNSON,**

        **CHAPTER 13**

     **Debtor.**

        **CASE NO. 10-16789-RGM**

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MEMORANDUM IN SUPPORT

**COMES NOW** Bank of America, NA, by Counsel, and Objects to the Confirmation of the Chapter 13 Plan of Reorganization, and in support thereof, represents unto the Court:

1.     That Bank of America, NA is a secured creditor of the Debtor herein by virtue of the Note and accompanying Deed of Trust on the property located at 10804 Scott Drive, Fairfax, VA 22030.

2.     That the pre-petition arrearages due to Bank of America, NA are $7,170.71.

3.     That post-petition attorneys fees have been incurred for the preparation and filing of a Proof of Claim, and additionally fees and costs are being incurred for the preparation and filing of the Objection to Confirmation herein at the hourly rate of $200.00 per hour.

4.     That the Plan is underfunded as it provides for $0.00 in pre-petition arrearages.

5.     Section 11 of the Debtor's Chapter 13 Plan of Reorganization attempts to modify the terms of the loan due to Bank of America, NA.

6.     The Plan has not been proposed in good faith, violates applicable provisions of bankruptcy law and is neither fair nor equitable.

7.     The non-standard provisions proposed by the debtor in this case extend beyond the purpose of the Chapter 13 Plan.

8.     The debtor has failed to demonstrate that there are compelling and unusual circumstances

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
State Bar #21346
(804) 290-4290

in this case that require these deviations.

9.      The Plan as proposed violates the due process rights of Bank of America, NA as it imposes duties, obligations and makes findings that cannot be accomplished through a Chapter 13 Plan.

10.     The Plan of Reorganization improperly modifies the rights of a secured creditor under the provisions of 11 U.S.C. § 362 of the Bankruptcy Code.  Debtor attempts to modify the existing terms of the note and deed of trust in Section 11 of the Plan without following the proper procedures established by the Rules of the Bankruptcy Court.

## ARGUMENT

Bank of America, NA objects to the debtor's plan on the grounds that the debtor attempts to modify certain existing contractual rights under the Note and Deed of Trust.  As more fully set forth below, Bank of America, NA objects to Section 11 of the Plan.

**I.      *The provisions of the plan attempt to reiterate a duty to abide by obligations imposed under the Bankruptcy Code and Section 524(i).***

The Plan states that confirmation will impose a duty on Creditors to comply with the provisions of 11 U.S.C. §524(i).  In re Russell, Bankruptcy Case No. 10-11720-SSM, Judge Mitchell struck a provision which attempted to impose similar obligations.  In In re Booth, 399 B.R. 316 (Bkrtcy E.D. Ark. 2009), the Court stated that a Chapter 13 Plan could not be confirmed while containing a provision that imposed this duty on Creditors.  The court, relying on In re Maupin, 384 B.R. 421, 429 (Bkrtcy W.D. Va. 2007), stated that no basis or purpose exists for compelling a creditor to comply with the existing law.  Section 524(i) is a statutory provision that, as a matter of law, is applicable in circumstances that might arise post-confirmation.  The Court said that "[T]his language, by expressly incorporating by reference only the affirmative obligations on creditors imposed by §524, results in ambiguity with respect to whether the other affirmative defenses contained in that section are still available to that creditor."  Maupin provided that the provision is unnecessary because it imposes a rule of law on creditors that is already imposed on them.  The court said that it would not confirm the Plan until the provision was removed.  Id.  "[A]s a general principle, we do not believe that a debtor should include, in a Plan, protection and rights not expressly provided for in the Code over the objection of an interested party."  In re Crompton, 73 B.R.

800, 804 (Bankr. E.D. Pa. 1987).

Here, the debtor purports to recite an obligation to abide by the Bankruptcy Code which is unnecessary as the Code applies to all Bankruptcy cases. There is no justification or reason provided for the provisions. Administration of the plan is not facilitated by the provision. The objectionable language should be removed.

II. *The proposed Plan contains provisions which are redundant and unnecessary, and which are irrelevant at this time. Further, the debtor fails to demonstrate that there are compelling and unusual circumstances in this case that require these provisions.*

In Maupin, the Court stated that a Chapter 13 case must end one of three ways. First, "a debtor may complete his or her required obligations under the plan, an event that will normally result in the entry of a discharge order." In that case, the debtor will not owe any amounts towards pre-petition arrearages, so the provision will be unnecessary, and assuming all payments were made post-petition pursuant to the Plan providing for regular payments to be made, the debtor would be current. The second way is by dismissal or conversion, where the plan is no longer binding. In that case, the provision would also be unnecessary. Lastly, the Court indicated that the issue might become relevant if a Motion for Relief from the Automatic Stay is filed, but at such a time, if the debtor is current then the Motion would be denied. The Court further stated that the Court would "grant any reasonable request by the Debtor for an accounting from the creditor." Id. 384 B.R. at 428.

As the Court stated in Russell, "[t]he advantages of a uniform plan are many. A uniform format greatly facilitates review by creditors, the trustee, and the court and increases the efficiency of administering chapter 13 cases. As drafted, the uniform plan addresses the most common ways debts are treated in a chapter 13 case. Of necessity, however, no form plan . . . can anticipate every situation that might arise. Thus, the form plan includes a section (Section 11) in which the debtor can insert provisions specific to his or her particular debts and the proposed treatment of them." (citations omitted). In the Russell case, however, the provisions which were added were not peculiar to the particular debtor and were instead just a "substitute counsel's vision of an appropriate uniform plan for the one adopted by the court." (citations omitted). The Russell opinion summarizes this Court's view on these provisions and

the prior case law in stating that "[l]ittle would be gained by simply repeating Judge Anderson's careful analysis in <u>Maupin</u>; suffice it to say that this court agrees entirely." <u>Russell</u>, page 6.

The debtor's plan as filed contains additional provisions which are redundant and unnecessary. All payments made by the Trustee will be applied to pre-petition arrears and all payments made by the debtor will be applied to post-petition payments, unless otherwise modified by all parties consent or court order. Additionally, no compelling reason has been provided for the inclusion of such provisions in this Chapter 13 Plan. Given the lack of any basis for the provisions added to the Plan, the provisions should be struck and confirmation should be denied.

III.   ***The non-standard provisions proposed by the debtor extend beyond the purpose of a Chapter 13 Plan. Further, the provisions attempt to interpret and add obligations under Rule 2016 which do not exist in this jurisdiction.***

"The purpose behind Chapter 13 is to give the debtor a fresh start by providing him an opportunity to repay all or a percentage of his debts in full satisfaction of creditors claims', while enabling the debtor to maintain support of himself and his family." <u>In re Barnes</u>, 13 B.R. 997, 999 (D.D.C. 1981). The provisions here go beyond anything enumerated in the Code. Again, "as a general principle, we do not believe that a debtor should include, in a Plan, protection and rights not expressly provided for in the Code over the objection of an interested party." <u>In re Crompton</u>, 73 B.R. 800, 804 (Bankr. E.D. Pa. 1987). "The debtors' proposal must be an honest effort free of any design to obtain an unconscionable advantage over the creditors." <u>Matter of Stein</u>, 36 B.R. 521, 523 (Bankr. M.D. Fla. 1983) (citations omitted). Chapter 13 is not intended to allow the debtor to alter the contractual rights of creditors much beyond the treatment of the debt. "[I]t is well to state at the outset that in enacting Chapter 13, Congress did not intend to create a blank check permitting a debtor to deal with his creditors as he sees fit." <u>Id</u>.

The question of fees and costs assessed against the loan is not new in Virginia. The Western District of Virginia addressed these types of provisions in <u>Maupin</u>, holding that the debtor's inclusion of similar provisions was the debtor's interpretation of Rule 2016, resulting only in an increase in cost to creditors for monitoring the plan and for future additional and unnecessary litigation should a creditor's interpretation differ. <u>Id.</u>, 384 B.R. at 426. The <u>Maupin</u> Court acknowledged that the creditor would have to

litigate this issue at the confirmation level if it believes it to be an incorrect interpretation of law to avoid being bound by such a provision later.  The Court said, summarily, that "[i]f Rule 2016 is applicable to post-petition attempts to collect fees and costs, then it is applicable.  If it is not, then it is not.  There is no need to provide the debtor's interpretation of Rule 2016…..[the paragraph] is unnecessary and is likely, if applicable, to increase the costs of administration and litigation."  Further, the Court stated that if the statement is an inaccurate statement of law, "then it violates the implied statutory prohibition against including a provision in the plan that is not consistent with the Bankruptcy Code."  Id.; See also 11 U.S.C. § 1322(b)(11).  Since that time, the Eastern District has similarly addressed this type of provision in the Russell decision which follows the same train of thought, and reaches the same conclusion, as Maupin.

Other courts have also held that provisions which require a creditor to receive prior approval before assessing fees impermissibly alters the rights of the creditor.  Booth and In re Alanis, 316 B.R. 323, 325 (Bkrtcy W. D. Ark. 2004) both held that there is "no requirement in the bankruptcy code or rules that a creditor must obtain prior approval of its post-petition charges or fees before including those fees in its proof of claim."  The court in Booth stated that the creditor should have the right to assess appropriate fees per its agreement with the debtor (i.e., the Note and Deed of Trust).  Id. 316 B.R. at 322.  The Court went on to express that the "Note and Mortgage expressly provide for the assessment of reasonable costs and attorney's fees" and that "…this is a 'right' expressly conferred by contract, which may not be modified."  Id. 316 B.R. at 322; See also 11 U.S.C. § 1322(b)(2).   "An injunction that both modifies the mortgage company's rights and invokes a procedure not required under the Bankruptcy Code is an inappropriate plan provision."  Id.  The Court, in citing another case, relied on the analysis as follows:

> This entire subsection imposes an unreasonable and burdensome duty upon Beneficial. As an initial matter, attorneys for creditors are not employed under 11 U.S.C. § 327 (2005) and are not subject to the requirements of that and related statutes or Bankruptcy Rules. Pursuant to § 1322(b)(2), the security documents and underlying state law govern Beneficial's "rights" with respect to any post-petition maintenance payments, and as long as the note and security documents between the parties provides for the assessment of charges, including but not limited to late fees, attorney fees, and inspection fees, a provision limiting those rights is an impermissible modification thereof.

Id., 399 B.R. at 322 (citations omitted).

The Court in Booth concurred with previous decisions of other courts: "other courts that have

reviewed this issue and determined that, in the absence of local rules or court-sanctioned Chapter 13 form plans that provide otherwise, there is no requirement that creditors seek approval of their attorney's fees pursuant to Federal Rules of Bankruptcy Procedure 2016." Id. In Booth, the Court stated that language in a proposed Chapter 13 Plan that required a lender to give notice of any changes in interest rate and or any changes in taxes and/or insurance on mortgaged property improperly modified lender's rights under the mortgage and note. The only notice required by the lender is that which is specified in the Note and Deed of Trust. Id., 399 at 327. "The Bank's 'rights,' therefore are reflected in the relevant mortgage instrument…" (citing Nobelman v. American Savings Bank, 508 U.S. 324 (1993)). The court says that it is "inappropriate, and nowhere statutorily sanctioned, to put this additional burden on the mortgage company." The court noted that the debtor, as the party most interested in retaining his home, will be attuned to any changes in his interest rate, taxes, or insurance, and he must bear the responsibility of informing the trustee. Id.; See also 11 U.S.C.A. § 1322(b)(2).

Additionally, in Alanis, the Court stated "the Bankruptcy Code defines 'claim' as a 'right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.'" Id., 316 B.R. at 325; See also 11 U.S.C. § 101(5). Further, "…a fee generated after the petition is filed but before confirmation of the debtor's plan may include attorney fees and related expenses for review of the plan, schedules or other documents filed by the debtors; review and analysis of loan documents; preparation and filing of the proof of claim; and attending the meeting of creditors." Id. "If the fees and expenses were based on the creditors' right to collect the fees under the respective pre-petition mortgage or deeds of trust, the right to payment would be part of the pre-petition claim, even though the fees and charges were not incurred until after the debtors filed their respective bankruptcy petitions." (Id. 316 B.R. at 325).

Based on the above, Bank of America, NA has the right to assess additional fees or charges on the loan pursuant to the terms of the Note and Deed of Trust. There is no local rule in place requiring fee applications to be filed by creditors as suggested by debtor. The current form Chapter 13 Plan for Virginia does not contain such a provision. The Courts have determined that imposing a notice requirement on the

mortgage company for any reasonable fees and charges associated with the loan post-petition would be an unnecessary burden. The Note and Deed of Trust which Bank of America, NA and Mr. Johnson entered into on January 19, 2007, controls and sets out any notice provisions and requirements which are placed on Bank of America, NA.

## **CONCLUSION**

In summary, Bank of America, NA objects to the aforesaid provisions on the grounds that they attempt to modify contractual rights previously agreed to by the parties as set forth in the Note and Deed of Trust. As stated in Booth:

> The debtor seeks to fully enjoy a principal Chapter 13 benefit – the ability to pay his ongoing mortgage payments while addressing his arrearages over a reasonable period. This is a right permitted by the Bankruptcy Code and not otherwise unilaterally available under state law. Conversely, the mortgage holder has certain unalterable contractual rights under its note and mortgage.

Id., 399 B.R. at 318. Here, the additional provisions, for the reasons set forth above, are improperly included in the Chapter 13 Plan and should be stricken from the Plan, or in the alternative, the Objection should be sustained with leave for debtor to file a Modified Plan.

Further, Bank of America, NA objects to the non-standard provisions on the basis that they go beyond the purpose of the Chapter 13 Plan. The debtor fails to demonstrate that there are compelling and unusual circumstances in this case that require these provisions. The non-standard provisions can only result in increased costs of administration and litigation. Lastly, the non-standard provisions seek to impose additional duties and obligations on Bank of America, NA which do not have a basis in the Bankruptcy Code or in the local rules for this jurisdiction.

WHEREFORE, Bank of America, NA the undersigned requests a hearing on this matter, that it be awarded its reasonable attorneys fees and costs incurred in relation to this objection and all hearings related thereto, and requests that the Confirmation of the Chapter 13 Plan be denied.

BANK OF AMERICA, NA

By: **/s/ERIC DAVID WHITE**
Of Counsel
Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Randa S. Azzam, Esquire, VSBN 31539
Michael T. Freeman, Esquire, VSBN 65460
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Tel: (804) 290-4290
Fax: (804) 290-4298

CERTIFICATE OF SERVICE

I hereby certify a true copy of the foregoing Objection was served by regular mail or email this 15th day of October, 2010, on all necessary parties including Thomas P. Gorman, Trustee, 300 North Washington Street, Suite 400, Alexandria, VA 22314; Jeremy Calvin Huang, Esquire, Counsel for Debtor, 5906 Hubbard Road, Rockville, MD 20852; and Mark Johnson, Debtor, 10804 Scott Drive, Fairfax, VA 22030.

**/s/ERIC DAVID WHITE**
Samuel I. White, P. C.